United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 03-30629
Summary Calendar

_____

ZEBEDEE HUTCHINSON,

Plaintiff-Appellant,

versus

KENT O. ANDREWS; CLAYTON, Captain; WACKENHUT
OFFICIALS; MARK FREEMAN,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Western District of Louisiana
USDC No. 01-CV-469

---

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Zebedee Hutchinson, Louisiana prisoner # 98608, challenges the summary-judgment dismissal

of his 42 U.S.C. § 1983 suit, specifically his claim that Sgt. Mark Freeman was deliberately indifferent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

to his safety by failing to intervene in an altercation between himself and another inmate. Hutchinson has waived any challenge to the 28 U.S.C. § 1915 (e)(2)(B) dismissal of his claims against Warden Andrews and Captain Milton Clayton, by not briefing any argument on the issue, and that dismissal is AFFIRMED. *See Yohey v. Collins*, 985 F.2d 222, 223-24 (5th Cir. 1993).

This court reviews a district court's grant of summary judgment *de novo*, applying the same standard as would the district court. *Wyatt v. Hunt Plywood Co. Inc,* 297 F.3d 405, 408 (5th Cir. 2002). "A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact." *Id.* at 408-09. An issue is material if its resolution could affect the outcome of the action. *Id.* at 409. In deciding whether a fact issue has been created, this Court views the facts and the inferences to be drawn from them in the light most favorable to the nonmoving party. *Id.*

Hutchinson claims on appeal that the affidavits of fellow inmates Isiah Tate and Donald Smith contradicted Freeman's affidavit testimony, creating a material factual dispute regarding whether Freeman failed to take reasonable measures to intervene in the fight, which precluded summary judgment. Smith's affidavit disputes Freeman's affidavit regarding who advised Freeman about the fight; because that question is immaterial to the question of whether Freeman acted with deliberate indifference, Smith's affidavit did not preclude summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Tate's affidavit, however, presents a more complicated issue. Hutchinson submitted two affidavits by Tate to the district court. Tate's earlier affidavit did raise a question of whether Freeman acted with deliberate indifference because in it Tate stated that Freeman viewed the fight and then left the area without trying to break it up. Tate's second affidavit, however, did not state that Freeman did not try to break up the fight, but rather that Freeman did not break up the fight as claimed, rather

Tate and Captain Milton Clayton intervened in the fight. As who actually broke up the fight is immaterial to whether Freeman acted with deliberate indifference, the second affidavit does not preclude summary judgment. Liberally construing Hutchinson's pro se brief, the brief encompasses Tate's first affidavit, and accordingly does establish a genuine issue of material fact. As such, summary judgment was inappropriate.

VACATED and REMANDED for further proceedings.